IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD LEE HACKNEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-074-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Richard Lee Hackney, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

Petitioner is serving two sixty-year sentences and three twenty-year sentences on his 1996 convictions in the 371st District Court of Tarrant County, Texas, for aggravated sexual assault of a child under 14 years of age, indecency with a child by contact, and sexual assault of a child under 17 years of age. Pet. 2, ECF No. 1. The Second District Court of Appeals of Texas affirmed the trial's court judgments on November 6, 1997. Op., ECF No. 15-4. Petitioner did not file a petition(s) for discretionary review. App. Docket Sheet, ECF No. 15-2. On September 24, 2002, Petitioner filed five state applications for postconviction habeas relief challenging his convictions,

one for each conviction, which were denied by the Texas Court of Criminal Appeals without written order on November 27, 2002.[1] State Habeas Rs., ECF Nos. 47-1 thru -4 & 48-1. Petitioner filed a second set of five state habeas applications challenging the same convictions on October 29, 2013, which were dismissed as subsequent applications by the Texas Court of Criminal Appeals on December 18, 2013. State Habeas Rs., ECF Nos. 48-2 thru -3 & 49-1 thru -3. This federal petition for postconviction habeas relief challenging the five convictions was filed on January 30, 2014.[2] Pet. 10, ECF No. 1. Petitioner raises four grounds, which are construed as follows: (1) he received ineffective assistance of trial and appellate counsel; (2) his convictions are "deemed procedurally illegal" due to the Texas courts' failure to review his claims according to state and federal law, (3) his convictions are unconstitutional due to the protections of "issue and claim preclusion, collateral estoppel, res judicata, [and] double jeopardy"; and, (4) he was denied a fair trial and an impartial jury due to the "media onslaught." Pet. 6-7, ECF No. 1. Respondent contends the petition is untimely under the federal one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). Resp't's Prel. Resp. 5-9, ECF No. 52.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of

---

[1] A petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not however state the date he placed the documents in the prison mailing system; thus, the "mailbox rule" is not applied to his state applications.

[2] Similarly, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's grounds involve matters relevant to his trial and direct appeal, thus he should have known of the basis of his claims at the latest on November 6, 1997, when the state appellate court affirmed the trial court's judgments. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review.[3] For purposes of this provision, the trial court's judgments of conviction became final and the one-year limitations period began to run upon expiration of the time that Petitioner had for filing

---

[3]Petitioner argues that the statute of limitations is inapplicable to his cases because the offenses occurred in 1993, prior to the effective date of the AEDPA. However, the date(s) the offenses were committed has no effect on the applicability of § 2244(d)(1).

3

a petition(s) for discretionary review in the Texas Court of Criminal Appeals on Monday, December 8, 1997,[4] and closed one year later on December 8, 1998. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, Petitioner had up to and including December 8, 1998, to file a timely federal petition, absent any applicable tolling.

Petitioner's state habeas applications filed after the limitations period had already expired did not operate to toll limitations under the statute. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Citing to the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), recognizing that ineffective assistance of counsel at initial-review collateral proceedings can constitute cause to excuse a prisoner's procedural default of a claim, Petitioner asserts that any procedural bar or default was caused by both his trial and appellate counsel, who, although present, were "in effect not present in his representation, but one of body only." Pet'r's First Supp. Arg. 2, ECF No. 50. The line of cases cited by Petitioner however address excusing a procedural default of a claim and do not apply to the federal statute of limitations or the tolling of that period. *See Anacleto v. Stephens,* No. A-14-CA-394-SS, 2014 WL 3012528, at *2 (W.D.Tex. July 2, 2014); *Reynolds v. Stephens,* No. 3:13-CV-2728-P, 2014 WL 2575752, at

---

[4]Thirty days after the appellate court's affirmance fell on December 6, 1996, a Saturday.

4

*3 (N.D.Tex. June 9, 2014); *Hunter v. Stephens*, No. H-13-877, 2013 WL 5671295, at *5 (S.D.Tex. Oct. 16, 2013); *Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir. 2014). The primary issue here is the statute of limitations, and Petitioner must show that he pursued his rights with "reasonable diligence" but extraordinary circumstances prevented him from filing a petition within the time allowed by the statute. *Holland,* 560 U.S. 631, 649-50 (2010); *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. Petitioner's extreme delay further mitigates against equitable tolling. Accordingly, Petitioner's federal petition was due on or before December 8, 1998, and his petition filed on January 30, 2014, is untimely.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SO ORDERED** on this **15th** day of **September, 2014.**

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE

5